# Federal National Bank v. Cross Creek & Pittsburg Coal Company, Appellant.

*Affidavit of defense—Promissory notes—Discount—Banks and banking—Practice, C. P.*

The agent of a corporation has no implied authority to bind the corporation by an accommodation indorsement.

Where, in an action by a bank against a corporation on promissory notes on which the defendant's name appeared as fourth indorser and in no other connection, the statement of claim avers that the notes were discounted by the plaintiff before maturity, and that the proceeds went to the parties to the notes, an affidavit of defense is sufficient to prevent judgment, which avers that the defendant's name on the notes was only by way of accommodation indorsement, that the in-

dorsement was the unauthorized act of defendant's manager, and that the defendant never received any benefit or advantage from the discounting of the notes.

Argued Nov. 1, 1907.   Appeal, No. 99, Oct. T., 1907, by defendant, from order of C. P. No. 3, Allegheny Co., Feb. T., 1907, No. 541, making absolute rule for judgment for want of a sufficient affidavit of defense in case of The Federal National Bank v. The Cross Creek & Pittsburg Coal Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Assumpsit on promissory notes.
The opinion of the Supreme Court states the case.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*M. J. Hosack,* of *Hosack, Knox & Hosack,* for appellant. —The indorsement was invalid as the unauthorized act of the manager : Ry. Equipment & Pub. Co. v. Lincoln Nat. Bank, 82 Hun, 8 (31 N. Y. Supp. 44) ; Merchants' Nat. Bank of Chicago v. Detroit Knitting & Corset Works, 68 Mich. 620 (36 N. W. Repr. 696) ; Helena Nat. Bank v. Rocky Mountain Tel. Co., 20 Montana, 379 (51 Pac. Repr. 829) ; New York Iron Mine Co. v. First Nat. Bank of Negaunee, 39 Mich. 650 ; Davis v. Rockingham Investment Co., 89 Va. 290 (15 S. E. Repr. 547) ; Worthington v. Ry. Co., 195 Pa. 211 ; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157 ; Carney v. Duniway, 35 Oregon, 131 (57 Pac. Repr. 192) ; M. V. Monarch Co. v. Farmers', etc., Bank, 105 Ky. 430 (49 S. W. Repr. 317).

The plaintiff has not averred such facts as are necessary to establish its claim against the indorser of a promissory note, so as to make out a case for the jury : Peale v. Addicks, 174 Pa. 543.

*Stephen Stone,* with him *Wm. A. Stone,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 6, 1908 :
If the affidavit of defense in this case is somewhat lacking in precision and exactness, quite as much can be said of the

plaintiff's statement.　The action was on two promissory notes, on each of which defendant's name appears as fourth indorser and in no other connection.　Plaintiff in its statement avers that it discounted these notes in the ordinary and regular course of its business before maturity, and that the proceeds "were duly had and received by the parties to said notes." But what parties?　The notes on their faces are what are ordinarily denominated business paper, and presumably they would be the property of the holder, the defendant company. If discounted in the regular course of business the proceeds would belong, not to the parties to the notes, but to the holder or last indorser.　The statement that the bank paid the proceeds to the parties to the notes, at least weakens, if it does not overcome, the presumption that the bank is a holder in due course.　The affidavit of defense makes specific denial that the defendant received any benefit or advantage from the discounting of the notes, and avers that defendant's name appears on the notes by way of accommodation indorsement simply, and that by the unauthorized act of the manager of the company. In view of the indefiniteness of plaintiff's statement as to whom defendant paid the proceeds, and the fact that plaintiff must be held to know that an agent of a corporation has no implied authority to bind the corporation by an accommodation indorsement, we think the facts set up in the affidavit were sufficient to prevent judgment.　It was adjudged insufficient on the ground that defendant did not in terms deny that the plaintiff was a holder in due course.　While it does not expressly deny this, it sets out facts and circumstances which are so wholly inconsistent with it as to constitute a virtual and substantial contradiction.　Because of the indefiniteness in the statement of claim which we have pointed out, the case is not one which calls for rejection of the affidavit for want of that precision which in ordinary cases the plaintiff has a right to expect and require.

　　Judgment reversed and a procedendo awarded.